PATRIKIADIS SONS *v.* UNITED STATES (No. 2202).[1]

EVIDENCE, SUFFICIENCY.

Salmon eggs, salted and packed in sealed tins, were classified by the collector under paragraph 216, tariff act of 1913, as "preserved roe of fish," and claimed to be free of duty under paragraph 478 as "eggs of * * * fish * * * (except fish roe preserved for food purposes)." The testimony of one of the importing firms that he did not know how much salt was used or whether the eggs had been sterilized, that he kept them in a refrigerator, and that they would spoil in about 15 days outside of the refrigerator in warm weather, and that he did not know whether or not they were kept in a refrigerator on the ship is not sufficient to overcome the presumed correctness of the collector's finding that they were preserved.

United States Court of Customs Appeals, May 7, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45112.

[Affirmed.]

*Allan R. Brown* for appellants.
*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson* and *Bernard Hahn,* special attorneys, of counsel), for the United States.

[Oral argument March 20, 1923, by Mr. Brown and Mr. Richardson.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

The only question here is whether salmon eggs imported in tins and used for food purposes are classifiable under paragraph 216 of the act of 1913 as "caviar and other preserved roe of fish" or under paragraph 478 as "eggs of * * * fish * * * (except fish roe preserved for food purposes) * * *." It was classified and assessed under the former paragraph and is claimed to be classifiable and free of duty under the latter.

---

[1] T. D. 39633.

The Board of General Appraisers sustained the action of the collector.

Of course, it was the duty of the importers to establish by a fair balance of the testimony that the classification of the collector was wrong, and, therefore, passing the question of whether these salmon eggs were caviar it was his duty to show they were not preserved roe of fish. Of course, they were roe of fish. Were they preserved? That is the only question. Prima facie at least they were so because of the collector's classification. The only evidence tending to impeach his classification was given by the importers, and in order to reverse the judgment of the Board of General Appraisers we must find that their decision sustaining the collector's classification either was not supported by or was contrary to the evidence. We are unable to reach that conclusion.

The substance of importers' testimony on this point, and there was no other evidence relating thereto, was that the fish eggs were salted. To what extent the witness did not know. He did say they were put in tins; that the tins were sealed; that whether they were heated or boiled he did not know; that they were shipped from the country of exportation in the winter time and when they arrived in this country he kept them in a refrigerator. How long they would keep if taken out of the refrigerator he did not know. If the air was very warm not more than 15 days; that it all depended upon the quantity of salt, of course, and how much salt was put in the cans in question he did not know; that he could not say whether these cans of fish eggs were sterilized or not, but supposed they were not because he had seen some that had fermented; and that he did not know whether or not they were placed in an ice box on the importing vessel.

We agree with the Board of General Appraisers that this evidence was not sufficient to overcome the presumption of the correctness of the collector's classification.

In the case of Moschalades Bros. v. United States (6 Ct. Cust. Appls. 399; T. D. 35973), much relied on by the importers here, the merchandise was similar to or like that here. It was imported in barrels and had been treated, as stated in the opinion, with salt and with salt water sufficiently to effect at least a stage of preservation. It was held that neither cold storage nor natural freezing was a preservation within the provisions of paragraph 216, and that a preservation by any agency that only arrested decomposition so long as applied could hardly be held to be a preservative within the paragraph.

It is quite obvious, however, that a sufficient quantity of salt could be applied to the merchandise to constitute a preservative

and that sealing the cans in the manner shown in this record might also be such a preserving process as the paragraph contemplates. The judgment of the Board of General Appraisers is *affirmed.*